# IN THE COURT OF APPEALS OF IOWA

No. 15-1563
Filed October 12, 2016


**TROY DONALD MOORE,**
    Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR DUBUQUE COUNTY,**
    Defendant-Appellee.

_____


Certiorari to the Iowa District Court for Dubuque County, Monica L. Ackley,

Judge.


A former husband challenges the district court's order finding him in

contempt and sentencing him to 364 days in jail. **WRIT SUSTAINED IN PART,**

**ANNULLED IN PART, AND REMANDED.**



Donna L. Smith, Dubuque, for appellant.

Jamie Ann Splinter of Splinter Law Office, Dubuque, for appellee.


Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

In this certiorari action, Troy Moore challenges the district court's order finding him in contempt and sentencing him to 364 days in jail, with all but sixty-four days suspended.

**I. Standard of Review.**

In an original certiorari proceeding, we review for the correction of errors at law. *Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 488 (Iowa 2003). We consider whether the district court acted within its jurisdiction and authority. *See Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). "Illegality exists when the court's factual findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.*

"A contemner's sentence is reviewed for an abuse of discretion." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007).

**II. Discussion.**

The first question is the number of instances of contempt in which Moore was found. It appears from the motions to show cause that there was an indeterminate number asserted, with his ex-wife stating he had failed to bring the child home twice a week for a number of months "and several other incidents prior thereto." Additionally, his ex-wife alleged that he had missed two sessions of counseling and walked out of another, although she admitted that he may have had valid reasons for his two misses. Finally, she alleged he was late in making two of his child support payments.

In its ruling, the district court stated:

> The Court hereby finds that the Petitioner has met this burden with regard to Respondent's refusal to return the child when the child was to be in the Petitioner's care pursuant to the establishment of primary care in the Petition pursuant to the Illinois decree.
>
> . . . .
>
> Again, the Court finds that the Petitioner has met her burden to establish that the Respondent has violated the court order in not complying with the obligations to attend family counseling.
>
> . . . . The Court finds that the Petitioner has met her burden to establish that the Respondent has violated the court order where it comes to the obligation to pay child support on a timely basis.

Both the motions and the ex-wife's testimony at trial were ambiguous about the number of instances of contempt she was claiming. She admitted there were times during the months she complained of when she was on vacation and had asked him to care for their child longer and more often than was outlined in the custody agreement. Additionally, the number of months about which she complained was not consistent throughout.

As the petitioner, the ex-wife had the burden to prove Moore had a duty to obey a court order and that he willfully failed to perform that duty. *Christensen*, 578 N.W.2d at 678. Additionally, contempt proceedings are quasi-criminal, and Moore is afforded some due process rights. *See Spitz v. Iowa Dist. Ct.*, 881 N.W.2d 456, 465 (Iowa 2016) (noting a number of due process requirements are applicable, including "that one charged with contempt of court be advised of the charges against him, [and] have a reasonable opportunity to meet them by way of defense of explanation."). We read the motions to show cause and the court's ruling broadly, finding one instance of contempt for failure to return the child in accordance with the custody agreement, one for failure to attend family counseling, and one for failure to pay child support on a timely basis. *See In re Marriage of Bruns*, 535 N.W.2d 157, 164 (Iowa Ct. App. 1995) (noting that

separate acts of contempt are required to be alleged in the contempt action, and sustaining the writ because the contemnor "did not receive clear notice of multiple accusations"); *see also In re Marriage of Swan*, 526 N.W.2d 320, 326 (Iowa 1995) (stating the district court has discretion in contempt proceedings and "is not required to hold a party in contempt even though the elements of contempt may exist.").

With that in mind, we consider Moore's claims that substantial evidence did not support the three findings and the 364-day sentence was an abuse of discretion.

The standard for civil contempt proceedings is well-established:

> On review of a contempt ruling, this court must determine whether substantial evidence exists that would "convince a rational trier of fact that the alleged contemner is guilty of contempt beyond a reasonable doubt." The party requesting the contempt finding has the burden of proving that the contemner (1) had a duty to obey a court order, and (2) willfully failed to perform that duty. Once a violation of a court order has been shown, the burden shifts to the alleged contemner to produce evidence suggesting that the violation was not willful. Nevertheless, the contemner retains the burden to prove willfulness beyond a reasonable doubt.
> Willful disobedience supporting a contempt finding "requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." There are two ways in which the contemner may show that a failure to comply with a court order was not willful: (1) the order was indefinite; or (2) the contemner was unable to perform the act ordered.

*Christensen*, 578 N.W.2d at 678 (citations omitted).

Substantial evidence supports the district court's finding that Moore failed to return the minor child home as required by the custody decree. Moore admitted he would pick his daughter up on nights she called him saying she did

not want to stay at her mother's house. He tries to justify his actions for violating the provisions, stating at various times that he was unaware of the terms of the dissolution decree, his ex-wife did not try to come get the child from his home, or he was just being a good parent because his daughter would have otherwise stayed on the streets. Although the father may have believed he was making the best choice at the time, it is clear he knowingly violated the custody decree by allowing his thirteen-year-old daughter to stay at his home when she was court ordered to be at the mother's.

Substantial evidence supports the district court's order finding Moore in contempt for being late on two of his child support payments. At the hearing, Moore admitted it, stating, "I didn't say I didn't miss a couple, but I'm caught up." Additionally, his ex-wife produced his bank statement from the time period from the two months he was late, and he had more than sufficient funds to make the payments. Moore maintained it was his business account rather than this private account, but he later admitted he often spends money out of the account for personal expenses. Moore implies that the court was wrong to find him in contempt since he did not have outstanding payments due at the time of the hearing on the motions to show cause, but both statutory language and our case law explicitly allow the court to do so. *See* Iowa Code § 598.22(5) (2013) ("Prompt payment of sums required to be paid under section[ ] . . . 598.21B [child support] . . . is the essence of such orders or judgments and the court may act pursuant to section 598.23 regardless of whether the amounts in default are paid prior to the contempt hearing."); *see also Swan*, 526 N.W.2d at 327 ("[A]ll back child support was paid prior to his receipt of the order to show cause. While

this . . . fact does not prevent a finding of contempt, it may be considered by the court." (citation omitted)).

We do not believe there is substantial evidence to support the district court's finding of contempt for Moore's failure to following through with family counseling. Moore's ex-wife testified that he left partway through either their first or second session of family counseling because "he wasn't in agreement with what was being said." However, according to the ex-wife, Moore returned to the family counseling at later dates for other sessions. She maintained he had missed two others, but she noted he called ahead of time and provided the counselor a reason why he could not make it. Moore testified he missed only one appointment and it was because he was unaware at the time it was scheduled, but once he learned about it, he called and asked the counselor if he would be allowed to participate by phone. Neither party introduced a record from the counselor to show attendance, although Moore testified he had signed an authorization and requested a copy of the records be sent, but they had not arrived before the hearing. Even the ex-wife was ambivalent about her proof of contempt regarding family counseling, stating:

> I don't know that he'd be in contempt for not doing it. I don't know the reasons for the two he didn't show. If they were, you know, important enough reasons to not show, then that would be his reason. Um, I don't know that he would be in contempt of not doing family [counseling], if he continues to go.

Based on the record before us, there is not substantial evidence to convince a rational factfinder beyond a reasonable doubt that Moore willfully violated the court's order to participate in family counseling.

Finding substantial evidence to support two of the district court's findings of contempt, we next consider whether the punishment imposed was an abuse of discretion. The language of Iowa Code section 598.23(1) explicitly limits the amount of time a contemnor may be committed to the county jail to thirty days "for each offense." By statute, the longest term to which Moore could be sentenced was sixty days. Because the district court sentenced Moore to 364 days with all but sixty-four suspended, the court abused its discretion in imposing the sentence.

Insofar as substantial evidence supports only two of the district court's findings of contempt and the court abused its discretion in sentencing Moore to more jail-time than statutorily allowed, we sustain the writ. We remand to the district court for further consideration of the punishment and entry of a new order.

**WRIT SUSTAINED IN PART, ANNULLED IN PART, AND REMANDED.**